# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 19-1146V
(not to be published)

| | |
|---|---|
| NIKKI RUDD,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: June 21, 2021<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Kathryn Lee Bruns*, Faraci Lange, LLP, Rochester, NY, for Petitioner.

*Kimberly Shubert Davey*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 7, 2019, Nikki Rudd filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration after receipt of the influenza vaccine on October 5, 2016. (Petition at 1). On February 10, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 29).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated April 16, 2021 (ECF No. 35), requesting a total award of $13,470.00 (representing $13,057.00 in fees and $413.00 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that she incurred no out-of-pocket expenses. (ECF No. 35-3). Respondent reacted to the motion on April 16, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 36). Petitioner did not file a reply.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests I endorse the hourly rate of $275 for all time billed between 2018 - 2021 for attorney Kathryn Bruns, with Matthew Belanger receiving the hourly rate of $375 for work performed in the same timeframe. Both rate requests require adjustment.

First, Ms. Bruns has previously been awarded the lesser rate of $250 per hour for time billed for 2018 - 2019. *See Nolan v. Sec'y of Health & Human Servs.,* No. 18-1544V, 2020 WL 1137202 (Fed. Cl. Spec. Mstr. Feb. 6, 2020). Therefore, I shall reduce Ms. Bruns' 2018 and 2019 rates to be consistent. For the years 2020 and 2021, I will award $275 per hour. Application of these reduced rates results in a reduction of **$285.61**.[3]

Second, Mr. Belanger has been previously awarded the rate of $350 per hour for time billed in 2018 and 2019. *See, e.g., Barrett v. Sec'y of Health & Human Servs.*, No. 18-41V, 2019 WL 7557797, at *2 (Fed. Cl. Spec. Mstr. Dec. 13, 2019); *Simon v. Sec'y of Health & Human Servs.*, No. 17-1140V, 2019 WL 3933659 (Fed. Cl. Spec. Mstr. July 31, 2019). I hereby reduce Mr. Belanger's rate to the previously awarded rate of $350 per hour. This results in a reduction of **$70.00**.[4]

The tasks billed and total hours dedicated to the matter require no additional adjustment, and shall be awarded as requested.

## ATTORNEY COSTS

Petitioner requests $413.00 in costs. (ECF No. 35-1 at 5). This amount is comprised of obtaining medical records, the Court's filing fee and copy costs. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$13,114.39** (representing $12,701.39 in fees and $413.00 in costs) as a lump sum in the form of a check jointly payable to Petitioner's counsel. In the absence of

---

[3] This amount consists of $275 - $250 = $25 x 16.9 hrs = $285.61.

[4] This amount consists of $375 - $350 = $25 x 2.80 hrs = $70.00.

a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.